[No. 6,263.—Department Two.]

J. J. ZIMMLER, ADMINISTRATOR OF THE ESTATE OF MERCEDES MURRAY, DECEASED. v. THE SAN LUIS WATER COMPANY.

ESTOPPEL—RECITAL—DEED—WATER RIGHT.—A recital in a deed, to the effect that the grantee is about to divert the waters of a certain creek (which flowed through the grantor's land), and to appropriate the same, followed by a grant of the right of way to conduct water over the land of the grantor, does not estop the grantor from denying the right of the grantee to divert the waters of said creek.

APPEAL from a judgment for the plaintiff, and an order denying a new trial, in the First District Court, County of San Luis Obispo. FAWCETT, J.

After the decision, the appellant filed its petition that the appeal be reheard in Bank, and the application was denied.

*W. J. & William Graves,* for Appellant.

The recital in the deed raised an estoppel. "Where a recital is intended to be an agreement of both parties to admit a fact, it estops both parties." (Bigelow on Estoppel, 269.) Very frequently a party is concluded even without any express recital or affirmation, where it is evident from the tenor of the deed that it was the intention of the parties that a certain state of facts should be affirmed as an inducement to the deed. (*Van Rensselaer* v. *Kearney,* 11 How. 297.)

*L. Quint,* and *F. K. Miller,* for Respondent.

The recital in the deed is general, and hence is no estoppel. (*Osborne* v. *Endicott,* 6 Cal. 149.) It was not necessary to the conveyance.

SHARPSTEIN, J.:

This action is brought to obtain an injunction to restrain the defendant from diverting the waters of a stream known as the "Arroyo de San Luis Obispo" from its natural course through lands belonging to plaintiff's intestate. The Court granted an injunction as prayed, and the defendant moved for a new trial.

which was denied, and from that order and the judgment this appeal is taken.

It appears by the record that the plaintiff's intestate was the owner of a tract of land which required irrigation, and that some of the waters of the above-named creek which flowed through the premises were used for that purpose. In April, 1877, less than two months before the commencement of this action, the defendant diverted the waters of said creek from said premises, and deprived the plaintiff of the water which she had been using, and which was necessary for the irrigation of said land. As an administrator of a riparian owner, the plaintiff is entitled to the relief prayed and granted, unless the defendant had acquired a paramount right to all the waters of said creek. And it claims, that, by virtue of a deed executed by plaintiff's intestate on the 17th of July, 1877, it required that right. That deed, after stating the name of the parties to it, proceeds as follows:

" That, whereas, the said parties of the second part (the defendant) are about to divert the waters of the San Luis Obispo Creek, and to appropriate the same for the purpose of supplying the city of San Luis Obispo with water, and are desirous of conveying the said waters in a pipe covered in the ground across the lands of the party of the first part (the plaintiff's intestate).

" Now, therefore,   *   *   *   in consideration,   *   *   * the said party of the first part does hereby grant to the party of the second part, and its assigns forever, the right to convey water in iron pipes over and across the lands of the said party of the first part."

There is no direct grant of any water, or of the right to divert it. No positive or plain reference to the waters of San Luis Obispo Creek is contained in the granting clause; and the defendant relies upon the recital in which a reference to the waters of that creek is contained, as a conclusive admission by the plaintiff's intestate in her deed, of the right of the defendant to divert all the waters of said creek from her premises.

If the plaintiff's intestate, by way of recital or otherwise in her deed, had admitted the right of the defendant to divert said waters, she would doubtless be estopped from denying it in this

action.  But before an admission can have that effect, it must be so broad and certain as to admit of no other construction. Courts are not permitted to indulge in suppositions, or to draw inferences from the language employed in such cases.

In the case of *Kepp* v. *Wiggett*, 10 Com. Bench, 35, a recital in the condition of a bond, that a person named therein " had been duly nominated and appointed collector," was held not to estop the defendants from showing that the person named had not been completely appointed.

That case is cited as an illustration of the strict adherence of the courts to the rule that an estoppel must be certain to every intent.

In the case before us, there is no direct and positive admission in the recital relied upon that the defendant had acquired or had any right to divert any, much less all, of the waters of said creek.  The recital is, that it is " about to divert " said waters.  But that falls far short of an admission that it had acquired a right to divert them.  There is nothing in the recital that is inconsistent with the theory that the defendant had acquired the right which it now sets up; nor is there anything in it that is inconsistent with the theory that it had not acquired, but confidently expected to acquire, it.  If the recital had been that the defendant had diverted the waters of said creek, and that had been followed by a grant of a right to conduct the same over the land of plaintiff's intestate, the case would be very different from what it now is.  But here there is no admission that the waters had been diverted, or that any right had been acquired to divert them.  If the plaintiff's intestate has not admitted the existence of such a right, she is not estopped from denying it; and it does not seem to us that a recital that the defendant was about to divert said waters was an admission that it had a right to divert them.

The record does not contain matter sufficient to constitute an estoppel *in pais*.  And the circumstances of the defendant having previously acquired a right to divert the waters of a branch of the San Luis Obispo Creek does not, as we view it, shed any light upon the subsequent transaction between the parties herein.

There is nothing in any of the circumstances surrounding

this transaction which is not entirely consistent with the theory of either side. In determining what it was intended to convey, we must look to the deed alone. We find there a plain and positive grant to the defendant of a right to convey water over the land of plaintiff's intestate. Beyond that, all is mere matter of conjecture. But there is evidence in the bill of exceptions which tends to prove that the plaintiff's intestate never intended to convey anything more than what is clearly expressed in the deed; viz., a right of way.

There are other questions discussed by counsel on both sides, which the conclusion at which we have arrived renders it unnecessary to consider.

Judgment and order affirmed.

THORNTON, J., and MYRICK, J., concurred.