## DUNHAM v. BENT et al.

### (Circuit Court, D. Massachusetts. September 8, 1885.)

### No. 2,042.

1. PLEADING IN PATENT SUITS—MULTIFARIOUSNESS.

   Where a bill is primarily for infringement, it is not made multifarious by setting out a contract between complainant and defendant, whereby, it is alleged, defendants have bound themselves not to contest the validity of the patent.

2. SAME—JURISDICTION OF FEDERAL COURTS.

   A federal court has jurisdiction of a suit, which is primarily for infringement, notwithstanding that the bill sets up certain contracts which are alleged to constitute an estoppel against defendants, but which are not sued upon and which relate to other machines than those in respect to which infringement is averred. Hartell v. Tilghman, 99 U. S. 547, distinguished.

3. SAME—CONTRACT NOT TO CONTEST PATENT.

   A stipulation by the lessee of specified patented machines that "he will not in any way contest the validity of any of the patents he is hereby licensed to use" held to be of general obligation, and not restricted to the machines covered by the lease.

4. SAME—PUBLIC POLICY.

   It is not contrary to public policy to allow a party to contract not to contest the validity of a patent.

This was a suit in equity by Ella B. Dunham, administratrix, against James M. Bent and others, for alleged infringement of a patent. Defendants demurred to the bill.

Charles H. Drew, Charles F. Perkins, and P. E. Tucker, for complainant.

George L. Roberts & Bro., for defendants.

COLT, Circuit Judge. This is a bill in equity, brought to restrain the defendants from infringing two letters patent for improvements in machines for nailing the soles of boots and shoes, granted to Henry Dunham, August 18, 1874, and November 14, 1876, and numbered, respectively, 154,129 and 184,281. The bill sets forth two leases from Dunham to the defendants. These leases covered certain designated machines, and limited the rights of the defendants to the use of the particular machines. In the leases we find the following provision:

"The said lessee hereby agrees that he will not in any way contest the validity of any of the patents he is hereby licensed to use, or the sufficiency of their specification, or the validity of the title of the lessor or of his successors, legal representatives, or assigns to said patents."

The present suit is brought for infringement of the patents by the use of machines not covered by the licenses. The defendants have demurred to the bill on several grounds. It is contended that the bill is multifarious, in that it seeks relief against the defendants as infringers, and also upon certain contracts. Primarily, this suit is for an infringement of patent rights. It sets out the contract in order to show that the defendants have bound themselves not to contest the validity of the patents, and that, therefore, they are estopped from setting up this one defense to the action. It cannot be said that this is such a joinder of distinct and independent matters as to render the bill multifarious.

Another ground of demurrer is that this court has no jurisdiction, both parties being citizens of Massachusetts, because the suit is brought upon a contract, and not under the patent laws of the United States. But, in our view, this suit is not brought upon the leases. They covered only certain designated machines, and not those in controversy. In respect to the machines in suit, the defendants do not occupy the position of licensees. This case, therefore, does not come within the decision in Hartell v. Tilghman, 99 U. S. 547, and other like cases. We think the court has jurisdiction.

Another ground of demurrer is that the provisions in the leases wherein the defendants agree not to contest the validity of the patents concern only the specific machines which the defendants were licensed to use, and do not concern the machines complained of. In our opinion, neither of the several provisions in the leases, taken together, nor the specific provision already cited, will warrant such a construction. In the absence of any specific agreement not to contest the validity of the patents, the estoppel of the defendants would be confined to the particular machines covered by the licenses. But we see no reason why a party may not, in consideration of receiving a lease for a certain number of machines, bind himself generally not to dispute the validity of the patents embodied in those machines, nor why he should not, in a suit for infringement for the use of unlicensed machines, be bound by his agreement. Re-

citals in a deed are generally made for the purpose of carrying into effect the general object of the deed, and not for collateral purposes; and therefore a party may not be estopped to dispute the facts so admitted in an action by the other party, not founded on the instrument, and wholly collateral to it. Bigelow, Estop. 255; Carpenter v. Buller, 8 Mees. & W. 209. But, if parties insert a provision in an instrument which is designed to extend beyond the main object of the instrument itself, it should be enforced. Now, the purpose of inserting this provision in these leases was to prevent the defendants from disputing the validity of these patents in any suit which might be brought against them. In the absence of any such provision, they would be estopped to the extent of the machines covered by the leases, and therefore this part of the agreement has no force and effect if not made to extend beyond the licensed machines. In Railway Co. v. Warton, 6 Hurl. & N. 520, the suit was upon a bond conditioned for the due performance of a certain contract; and the question was whether the plaintiffs were not estopped by a subsequent deed between the same parties in which it was contended that the claims sued upon were adjusted and settled. While it was held that the subsequent deed was intended only to cover a settlement of certain matters specified, and did not embrace the claims in suit, and that the recital in the subsequent deed would not be binding because the suit was not brought upon that instrument, the court say that a recital in such a deed would be binding if it was the bargain on the faith of which the parties acted. In other words, "if the parties had agreed in the subsequent deed to release all other claims, it would create an estoppel."

The defendants' counsel urge that it is contrary to public policy to allow a party to contract not to contest the validity of a patent, after analogy to the rule adopted as to statutory limitations and statutory exemptions. But the reasons of public policy which forbid a party from making a valid promise which will render inoperative a statute limiting the time within which actions may be brought, or a statute exempting certain property from attachment, do not apply, it seems to us, to a patent right. Further, as between lessor and lessee, it is well settled that the lessee is estopped to deny the validity of the patent. This is a distinct recognition of the principle that a party may so bind himself. Demurrer overruled.