### Frank A. Kerns v. Catherine J. Brockway.

1. FORTHCOMING BONDS—*Estoppels by Recitals in.*—A forthcoming bond to a sheriff is collateral to the purposes of the suit in which the execution issues, and a recital therein, however specific, is only *prima facie* evidence of the facts stated, and is not an estoppel upon the parties.

2. ESTOPPEL—*By General Recitals in Bonds.*—General recitals in bonds do not ordinarily estop the parties from disputing the statements made in them, because the certainty essential to an estoppel is wanting.

**Trial of the Rights of Property.**—Appeal from the County Court of Stark County; the Hon. W. W. WRIGHT, Judge, presiding. Heard in this court at the April term, 1901. Affirmed. Opinion filed July 12, 1901.

B. F. THOMPSON, attorney for appellant; FRANK A. KERNS, *pro se.*

FRANK THOMAS, attorney for appellee.

MR. JUSTICE WATERMAN delivered the opinion of the court.

Appellant having obtained judgment and execution against Frank J. Brockway, the husband of appellee, caused a levy to be made upon certain cattle as the property of said husband, whereupon said Frank Brockway and appel-

lee, having informed the sheriff who made such levy that the cattle were the separate property of appellee, and claimed by her, gave to the sheriff a forthcoming bond, in which, in the condition of said bond, after reciting said levy, was the following :

" And, whereas, the said sheriff has levied said writ on the following described personal property of the said defendant, Francis F. Brockway, now, if the said defendant, Francis F. Brockway, shall deliver to the said sheriff said property * * * then this obligation to be void, otherwise to remain in full force and effect."

A trial of right of property was had, the issues being found for appellee.

In this court it is stipulated that the only point of law at issue between them and the only question to be determined by the Appellate Court is :

" Is the claimant, appellee, by signing the forthcoming bond with her husband, estopped from denying that the cattle levied upon and described in the bond are the property of the said Frank F. Brockway, and from claiming the said cattle as her own property, as against the clear and unmistakable notice given at the time of the levy of the ownership and claim of appellee ? "

Against the finding of the court below, upon trial had as to the right of property, appellant sets up the recital in a forthcoming bond as an estoppel by deed.

If a deed is collateral to the purposes of the action, a recital therein, however specific, is but *prima facie* evidence. 20 Am. & Eng. Ency. of Law, 240; Carpenter v. Buller, 8 M. & W. 209; Bigelow on Estoppel, 5th Edition, 352.

General recitals do not ordinarily estop the parties from disputing the statements made in them, because the certainty essential to every estoppel is wanting. Bigelow on Estoppel, 5th Edition, 377.

All the recitals in the bond, save one, are perfectly consistent with the present position of appellee; that one is in this language : " The following described personal property of the said defendant Francis F. Brockway, to wit:"

Such recital was not an admission or covenant or repre-

sentation that the property was that of Francis F. Brockway, and was not taken or so received by appellant or the sheriff. All that was said before, to the effect that the sheriff had an execution against the property of Francis F. Brockway, was literally true, and the language quoted, taken in connection with what preceded, was no more than a statement that the sheriff had levied on the described property as that of Francis F. Brockway. Appellant was not estopped by the forthcoming bond which she signed, and the judgment of the County Court is affirmed.