(No. 11630.—Reversed in part.)

The United States Brewing Company, Defendant in Error, *vs.* The Dolese & Shepard Company, Plaintiff in Error.

*Opinion filed February 20, 1918—Rehearing denied April 3, 1918.*

1. Damages—*when measure of damages is value of improvements erected and not increased value of land.* Where a plaintiff corporation is entitled to recover under the common counts for improvements erected on land leased from the defendant under a contract which was *ultra vires* the plaintiff, by the terms of which the defendant was to pay for the improvements if the land became anti-saloon territory, the measure of damages is the value of the improvements on the date of the happening of such condition and not the enhanced value of the land by reason of the improvements being placed thereon.

2. Interest—*when interest cannot be recovered.* A recovery of interest cannot be sustained unless interest was contracted for or is authorized by statute.

3. SAME—*when statute allowing recovery of interest for money advanced does not apply.* The provision of the Interest act allowing interest "on money lent or advanced for the use of another" does not apply to a proceeding which is not for the recovery of a certain, definite amount of money lent or advanced but for the recovery of the value, on a certain date, of certain improvements on land originally built at the expense of the plaintiff. (*Leigh* v. *American Brake-Beam Co.* 205 Ill. 147, distinguished.)

WRIT OF ERROR to the Second Branch Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding.

WILLIAM J. PRINGLE, and EDWIN TERWILLIGER, JR., (WILSON, MOORE & McILVAINE, of counsel,) for plaintiff in error.

WINSTON, PAYNE, STRAWN & SHAW, (WALTER H. JACOBS, of counsel,) for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

The defendant in error, the United States Brewing Company, (which in this opinion will be designated as plaintiff,) brought an action of assumpsit against plaintiff in error, the Dolese & Shepard Company, (referred to hereafter as defendant,) in the municipal court of Chicago, to recover the value of certain improvements plaintiff had constructed upon defendant's land under a certain contract and lease between the parties. The declaration consisted of a special count on the contract and the common counts. A recovery was had in the municipal court on the contract for the cost to plaintiff of the improvement. The judgment of the municipal court was reversed by the Appellate Court on the ground that, the contract was *ultra vires* the plaintiff corporation, and that court being of opinion no recovery could be had under the common counts, the cause was not remanded. The cause was removed to this court upon a petition for a

writ of *certiorari.* This court agreed with the Appellate Court that the contract was *ultra vires* but held the defendant having received the benefits of the performance of the contract, plaintiff "was entitled to recover under the common counts the reasonable worth of the building." The judgment of the Appellate Court was reversed, and as the judgment of the municipal court was based on the theory that the contract between the parties was valid and binding and recovery was allowed for the cost of the improvements as stipulated in the contract, and there being no proof of their value at the time the lease was terminated, the judgment of the municipal court was also reversed and the cause remanded to that court for further proceedings not inconsistent with the opinion of this court. (*United States Brewing Co.* v. *Dolese & Shepard Co.* 259 Ill. 274.) After the case was re-instated in that court the special count of the declaration was dismissed, the cause again tried before the court without a jury and a judgment rendered in favor of plaintiff for $11,103.07. On appeal by defendant to the Appellate Court the judgment was affirmed, and the case is again brought to this court on a petition for a writ of *certiorari.*

Practically the whole question of the right of plaintiff to recover is again argued in defendant's brief on the claim that in this record the facts, or some of them, are different from the facts in the record when the case was before us at a former term. The facts in this record are not substantially different from those in the former record and no reason appears why we should again reconsider the whole merits of the case. We adhere to our conclusion that plaintiff was entitled to recover under the common counts.

Defendant contends that the trial court erred in permitting proof by plaintiff of the worth or value of the improvements on May 7, 1908, (the date when the district became anti-saloon territory and plaintiff offered to surrender the premises and demanded payment for the improvements,

under the terms of the contract,) and in holding the value of the improvements at that time was the measure of damages to which plaintiff was entitled. Defendant insists the proper measure of damages was the enhanced value of the land by reason of the improvements being placed thereon. The proof offered by plaintiff showed, and the court held, the improvements were on May 7, 1908, of the value of $8250. Defendant offered proof to the effect the improvements enhanced the value of the land about $2500. The contract between the parties provided that if the district became local option territory, requiring the suspension of the saloon business, defendant should pay plaintiff the cost of the building and improvements, not to exceed $10,000. The original cost was a little more than that sum, but we held when the case was before us the first time that the contract being *ultra vires* no recovery could be had on it, but that in view of the circumstances and conditions under which the improvements were made at plaintiff's expense it was entitled to recover their value under the common counts on the doctrine of the cases cited in the opinion then rendered. In many instances the rule insisted upon by defendant is the correct rule, but in our opinion, under the facts in this case, the measure of damages adopted by the trial court was correct and the rule contended for by defendant was properly refused application.

The next question is whether or not interest should be allowed upon the amount the improvements were ascertained to be worth. The value of such improvements was an unliquidated amount and was found by the court to be $8250. The court allowed interest on said sum at five per cent per annum from May 7, 1908, to the day the judgment was entered. It is not contended there was any vexatious delay in the payment of the money,—in fact, the plaintiff's counsel concede there was not,—within the meaning of the statute. Plaintiff insists, however, it is entitled to interest on said $8250 on the ground that it advanced the money

for the erection of these improvements, and that this case is one, or like one, where money is advanced for the use of another. A recovery of interest in this State cannot be sustained unless contracted for or authorized by our statute. *Harvey* v. *Hamilton,* 155 Ill. 377; *Geohegan* v. *Union Elevated Railroad Co.* 266 id. 482.

*Leigh* v. *American Brake-Beam Co.* 205 Ill. 147, is, with other cases, relied upon by plaintiff as sustaining its contention that it is entitled to interest. In that case interest was allowed, but the facts there distinguish it from the instant case respecting the question of interest. There an action was brought by a manufacturing corporation to recover money it had loaned certain individuals, taking their notes therefor. It was held the contracts entered into between the manufacturing company and the individuals were *ultra vires* and no recovery could be had thereon, but that it could recover for money had and received, and interest on such amounts at the legal rate. Section 2 of chapter 74, being the chapter on interest, provides for the allowance of interest "on money lent or advanced for the use of another." This statute expressly authorized the allowance of interest in the *Leigh case* because the recovery there was for "money" advanced. The statute is not applicable in the instant case, as this proceeding is not for the recovery of a certain, definite amount of money lent or advanced, but seeks instead the recovery of the value in money on a certain date of certain improvements. We think the Appellate and municipal courts erred in the allowance of interest on the value of the improvements. Plaintiff offers to remit the amount of the interest if the court is of opinion it is not entitled to recover the same.

We will therefore treat the offer as a *remittitur* of the interest, ($2953.07,) and that amount being remitted from the judgment, judgment will be entered here for the value of the improvements, $8250.

*Reversed in part and judgment here.*