ESKIMO PIE CORPORATION v. ARCTIC FRUIT ICES, Inc.

(District Court, E. D. New York. October 29, 1926.)

No. 2756.

1. Patents ⬗129.

License agreement not having been canceled, licensee is estopped to deny validity of patent.

2. Patents ⬗212(1).

For licensee to manufacture patented article and sell it in other wrappers than those bought from patentee, in violation of license contract, constitutes infringement.

3. Patents ⬗294—In view of plaintiff's probable ultimate success, and insufficient showing of defendant's responsibility, preliminary injunction will be granted in suit to enjoin infringement.

Preliminary injunction will be granted in suit to enjoin infringement in violation of license agreement, it seeming from the affidavits that plaintiff must ultimately prevail, and it being impossible to say that he will be compensated by money damages or that defendant is sufficiently responsible.

In Equity. Suit by the Eskimo Pie Corporation against the Arctic Fruit Ices, Inc. Preliminary injunction granted.

Everett & Rook, of New York City, and Henry B. Floyd, of Chicago, Ill., for plaintiff.

Harry Heiman, of New York City, for defendant.

CAMPBELL, District Judge. This is a motion for an injunction pendente lite in an action in equity brought to restrain the alleged infringement of patent No. 1,404,539, issued by the United States Patent Office to Christian K. Nelson, for confection, dated January 24, 1922, which said patent is owned by the plaintiff. The only defense tendered by the answer is noninfringement; the validity of the patent is not attacked.

On May 23, 1925, the plaintiff entered into a certain license contract with the defendant, in writing, bearing date on that day, in which the plaintiff licensed the defendant to manufacture, sell, and distribute a certain ice cream confection called "Eskimo Pie," disclosed and claimed in said letters patent, and to use as a trade-mark the name "Eskimo Pie," under certain conditions therein contained. Among these conditions were the following:

Defendant agreed to manufacture and sell the product only at Brooklyn or surrounding territories, and not to sell or offer to sell any product manufactured under the specifications and claims of the above identified patent, or any product similar thereto, under any other name than "Eskimo Pie," and not to contest or deny the validity of the patent above referred to, or of the trade-mark "Eskimo Pie," or in any way assist others in so doing. Defendant agreed to sell and distribute the said product neatly and completely wrapped only in wrappers or packages purchased from the plaintiff.

[1] The license agreement has not been canceled, and defendant is estopped to deny the validity of the patent. Dunham v. Bent (C. C.) 72 F. 60; Philadelphia Creamery S. Co. v. Davis & Rankin Bldg. & M. Co. (C. C.) 77 F. 879; Consolidated Rubber Tire Co. v. Finley Rubber Tire Co. (C. C.) 116 F. 629. The plaintiff has been at all times, and is still, willing to furnish the wrappers at prices which had been agreed upon. The defendant's sole complaint appears to be that the plaintiff has not extended to it credit, but required payment of cash on delivery of all wrappers purchased by the defendant.

[2] The evidence of infringement offered by the plaintiff has not been given with that particularity and detail that is generally furnished; but the affidavits submitted on behalf of defendant do not, in my opinion, offer any

substantial denial of the truth of the charge that defendant has been manufacturing, selling, and distributing, in other wrappers than those purchased from the plaintiff, an ice cream confection the same as that disclosed and claimed in said letters patent, in violation of the license agreement, but confirm the same. Such acts constitute infringement. Wood v. Wells, Crittenden & Co., 6 Fish. Pat. Cas. 382, Fed. Cas. No. 17,967; The Steam Cutter Co. v. Sheldon, 10 Blatch. 1, Fed. Cas. No. 13,331.

[3] This infringement has been in violation of the written license contract, and has worked great injury to the plaintiff, and I cannot say that the plaintiff will be compensated by money damages, if the defendant is allowed to continue the infringement up to the time of trial, nor can I say from the evidence that the defendant is of sufficient responsibility to answer for the damages which plaintiff may suffer, if the defendant be allowed to continue to infringe the plaintiff's said patent.

On the affidavits offered on this motion on behalf of the defendant, it would seem that plaintiff must ultimately prevail; therefore further injury to it should be prevented by injunction. The plaintiff is not seeking to cancel the license agreement, but simply to prevent the defendant from infringing, by manufacturing and selling articles covered by its patent, otherwise than as provided by the license.

Motion for a preliminary injunction granted, on the plaintiff giving security in a sum to be determined on the settlement of the order, which must be settled on notice.