**ESKIMO PIE CORPORATION v. NATIONAL ICE CREAM CO.**

Circuit Court of Appeals, Sixth Circuit.
June 13, 1928.

No. 4996.

1. Patents ⟨⟩129(3)—Licensee from patentee may not deny validity of patent.

One operating under license from patentee cannot be heard to deny the validity of the patent.

2. Patents ⟨⟩211(1)—Agreement of licensee not to contest patent is not construed to extend beyond termination of license, unless intent is clear.

One accepting license under patent may lawfully agree not to contest the patent, not only during term, but even after the license has terminated; but agreement, to have that effect, must be in such express and clear words that intent is clear.

3. Contracts ⟨⟩215(1)—Mutual provisions of contract generally apply only to situations arising during its term.

The usual rule is that the mutual and reciprocal provisions of a contract apply to and govern only the situations which arise during its term.

4. Patents ⟨⟩129(3)—Licensee's agreement not to contest validity of patent held not to prevent attack on patent's validity after termination of license by licensor's revocation.

One who accepted license from patentee, which was subsequently revoked on licensee's default, *held* not precluded from attacking validity of patent by express covenant in license "that licensee will not test, contest, or deny validity of patent," since provision extended only during the life of the license.

Appeal from the District Court of the United States for the Western District of Kentucky; Charles J. Dawson, Judge.

Patent infringement suit by the Eskimo Pie Corporation against the National Ice Cream Company. From an order (20 F.[2d] 1003) denying a preliminary injunction, plaintiff appeals. Affirmed, and case remanded.

Henry B. Floyd, of Chicago, Ill. (Edward P. Humphrey and Humphrey, Crawford & Middleton, all of Louisville, Ky., on the briefs), for appellant.

Joseph Dugan, of Washington, D. C. (Eugene R. Attkisson, of Louisville, Ky., on the brief), for appellee.

Before DENISON, MOORMAN, and KNAPPEN, Circuit Judges.

DENISON, Circuit Judge. In an infringement suit brought by appellant in the court below for infringement of patent 1,-404,539, issued January 24, 1922, to Nelson, for the confection which has received the trade-name "Eskimo Pie," the trial court denied a preliminary injunction, because the patent had not been adjudicated or complainant's rights otherwise sufficiently established. The only question presented by this appeal is whether the defendant, by having accepted a license under the patent, was estopped to question its validity.

[1] The license was, in general, in customary form. Defendant conducted business un-

der it for a brief period and then discontinued. For this default, and pursuant to the terms of the license, it was revoked by appellant. At a later period defendant began making a somewhat different form of product, and this suit was brought. By the familiar rule, the defendant, while operating under—or probably while retaining and claiming the right to operate under—the license, cannot be heard to deny the validity of the patent; but we do not understand it to be claimed that this estoppel by rule of law would persist after the license and all the licensee's rights thereunder were terminated. Appellant depends upon the express covenant found in the license that the licensee "will not test, contest, or deny the validity of the patent." Some other covenants in the license are expressly restricted to the term of the contract, but this one is not.

[2-4] There is no occasion to doubt that a licensee may lawfully agree not to contest the patent at any time during its term, or that, even after such a license had been terminated by the licensor for the licensee's default, the rights which the licensee had acquired by the contract would have been a valid consideration for this unlimited agreement not to contest; but, to have that effect, the agreement should be in such express and clear words that the intent could not be doubtful. It is, of course, the usual rule that the mutual and reciprocal provisions of a contract apply to and govern only the situations which arise during its term, and we are unable to find in this license contract any such clear expression of another intent as would justify any other construction.

The decisions relied upon do not reach this case. In Dunham v. Bent (C. C.) 72 F. 60, Circuit Judge Colt enforced an estoppel by license, but the contract had not been terminated. The decision was merely that the agreement not to contest was not limited to controversies affecting only the particular machines which had been licensed, but extended so as to affect an additional and independent infringement, which was attempted by the licensee during the license period. In Phila. Co. v. Davis, (C. C.) 77 F. 879, then District Judge Grosscup found an estoppel persisting after the term of the license; but the question there involved was different in principle from that before us. Here the contract contemplated a continuing use by the licensee and monthly payments of the current royalty as consideration for the current use. By the termination, both use and royalty ceased; the licensee was not receiving and retaining the contemplated consideration for the non-contest agreement. In the Philadelphia case, the license was for the defendants to make and sell machines, from which they would receive profits or royalty. It was for a limited term; but when the infringement suit was later brought, the defendants had received and were retaining all the consideration which ever had been contemplated for their contract not to contest. Consolidated Co. v. Finley (C. C.) 116 F. 629, is a case of the same type as the Philadelphia case, except that the license was still in full force, for the benefit of the licensee's assignee. The case is not in point.

The order appealed from is affirmed, and the case is remanded for further appropriate proceedings.