## CITY OF CHICAGO v. JOSEPH. *
### Nos. 6246, 6247.

Circuit Court of Appeals, Seventh Circuit.
March 7, 1938.

*Writ of certiorari denied 58 S.Ct. 1049, 82 L.Ed. ——.

Before EVANS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

The defendant seeks to reversé a judgment of the District Court rendered upon plaintiff's complaint, after denial of a motion to strike, defendant having abided by the motion.

The averments of the complaint are substantially as follows: Plaintiff was appointed receiver of the West Side-Atlas-National Bank of Chicago when it closed on October 8, 1931. On April 13, 1931, defendant deposited $160,000 in the bank and, in order to secure the deposit, the bank and certain individuals as sureties executed and delivered to defendant a bond in the sum of $330,000 containing, among others, a recital relied upon by defendant, as follows: " * * * said surety has deposited with the Comptroller of the City of Chicago ———— bonds of the face value of ——— Dollars, as collateral security for the amount of such deposit." Simultaneously certain persons, at that time officers of the bank and purporting to act in its behalf, delivered to defendant as collateral security anticipation warrant certificates of the City of Chicago and of the Sanitary District of Chicago, of the face value of $155,000 and bonds of the Sanitary District of Chicago, of the face value of $6,-000. These securities, "as defendant well knew, were property and assets of the bank," which neither it nor its officers and agents were authorized by law to pledge to secure deposits. The delivery thereof was wholly beyond the legal corporate powers of the bank. On October 30, 1931, following the closing of the bank, defendant sold at private sale the securities realizing $154,070. In the administration of the bank's affairs, dividends had been declared, as a result of which, after crediting to defendant its proportionate amount thereof and deducting the same from the $154,070 realized by defendant from the sale of securities, there remained due plaintiff $77,-375.61, for which judgment was prayed with interest at the rate of 5 per cent. from April 2, 1936, the date of demand.

Defendant's motion to strike asserted that the complaint was insufficient, because the securities were by the bond impliedly warranted to be the property of the sureties and because plaintiff is, by reason of the recital mentioned, estopped from claiming

Barnet Hodes, of Chicago, Ill. (Joseph F. Grossman and J. Herzl Segal, both of Chicago, Ill., of counsel), for City of Chicago.

Emmett J. McCarthy, Robert F. Carey, and Robert R. Hanley, all of Chicago, Ill., for Harry Joseph, receiver.

446

that the securities were those of the bank. The parties stipulated that upon the hearing the court should consider that at the time the bond was given there were in full force and effect in the City of Chicago certain ordinances which provided that a bank might be designated as a city depository upon filing a joint indemnifying bond of the depository and a personal surety of one or more persons, such surety to deposit as collateral security therefor the bonds of governmental agencies.

The court overruled the motion. Defendant elected to abide by its motion, and the court entered judgment in the sum of $77,375.61, but denied the prayer for interest. Defendant has appealed from the judgment against it and the plaintiff from the judgment denying interest.

■ Under Marion v. Sneeden, 291 U.S. 262, 54 S.Ct. 421, 78 L.Ed. 787; Texas & Pac. R. Co. v. Pottorff, 291 U.S. 245, 54 S.Ct. 416, 78 L.Ed. 777; Sneeden v. City of Marion, 7 Cir., 64 F.2d 721; Granzow v. Village of Lyons, 7 Cir., 89 F.2d 83, 85, if we are permitted to accept the averment that the securities were those of the bank and that defendant was so advised, the pledge was invalid, and, as we said, in the last mentioned case, "being void the transaction could not be confirmed, ratified, enforced or rendered enforceable by the application of any doctrine of estoppel or otherwise. California Bank v. Kennedy, 167 U.S. 362, 17 S.Ct. 831, 42 L.Ed. 198; McCormick v. Market [Nat.] Bank, 165 U.S. 538, 17 S.Ct. 433, 41 L.Ed. 817; Central Transportation Co. v. Pullman's Palace-Car Co., 139 U.S. 24, 11 S.Ct. 478, 35 L. Ed. 55. This is because, not merely that the bank ought not to make the contract, but that it could not legally make it. Ratification is impossible if there is no power to contract. Central Transportation Co. v. Pullman's Palace-Car Co., 139 U.S. 24, 11 S.Ct. 478, 35 L.Ed. 55. And knowledge of the lack of existence of authority is conclusively presumed. McCormick v. Market Bank, 165 U.S. 538, 17 S.Ct. 433, 41 L.Ed. 817." And as the Supreme Court observed, in Texas & Pac. R. Co. v. Pottorff, supra, the illegal result of such pledge may not be achieved by circumvention.

■■ Consequently the sole question upon defendant's appeal is whether an estoppel was created, by the language of the bond, to deny that the securities were those of

the sureties and to assert that they were in fact those of the bank. It is undoubtedly the law that, if a recital in a bond is definite, specific, and clear, it may not be denied, and knowledge of the obligee that it is untrue is immaterial, for one may not deny his solemn affirmation of a fact upon which another has relied. But, if the recital is not of definite and clear character, an estoppel does not result, for it is essential to the creation of such a bar to assert the truth that it appear that the parties understood and accepted an unambiguous statement of fact. Such is not the case here.

■ In the first place, the recital relied upon is part of a provision in a printed blank which has not been filled. There is no recital that the securities actually pledged have been deposited or that any specific securities have been deposited. There is merely the incomplete recital that bonds of the "face value of ―― dollars" have been deposited by the "surety" and the averments of the complaint, which must be accepted as true, show that of the securities deposited $155,000 were not bonds but were anticipation warrants and that only $6,000 were bonds. Furthermore, there was no recital that the bonds were the property of the sureties or that anything was done by the sureties other than deposit "―― bonds." There were sureties upon the bond but only a single surety is included in the recital. The bond provides that upon default and sale defendant shall deliver to the principal any surplus of the proceeds of the sale "and the remaining unsold collateral bonds deposited by said principal, if any," provided, however, that the surety shall return its receipt for the bonds.

Defendant contends that these facts compel a finding that the plaintiff is estopped to deny that $160,000 worth of securities mentioned in the complaint were the property of the surety, even though defendant knew the contrary was true. We do not believe that the recital can be so construed or justifies such a conclusion. It is not sufficiently clear, explicit, and definite. To work an estoppel, a recital must clearly, with particularity, beyond doubt and without ambiguity, affirm or deny some present or past fact or admit some liability definitely stated. It must be certain to every intent and cannot be taken by argument or inference; and, if

the fact be not directly or precisely affirmed or recited, it shall not be an estoppel. Before an admission or recital can have such an effect, it must be so certain as to admit of no other conclusion. Courts are not permitted to indulge in supposition or to draw inferences from the language employed. Zimmler v. San Luis Water Co., 57 Cal. 221; Calkins v. Copley, 29 Minn. 471, 13 N.W. 904; Bigelow on Estoppel, 6th Ed., p. 399; Kerns v. Brockway, 96 Ill.App. 273; Independent School Dist. v. Stone, 106 U.S. 183, 1 S.Ct. 84, 27 L.Ed. 90; 21 C.J. 1099; Royal A. B. Mills v. Graves, 38 Ill. 455, 87 Am.Dec. 314; Claflin v. B. & A. Ry. Co., 157 Mass. 489, 32 N.E. 659, 20 L.R.A. 638; Wallace et al. v. McClung et al., 4 Cir., 74 F. 376; 21 C.J. p. 1090 § 69, p. 1091 § 72; Farmers' Bank & Trust Co. et al. v. Southern Granite Co., 96 S.C. 106, 79 S.E. 985.

The District Court found that in view of Conway v. City of Chicago, 237 Ill. 128, 86 N.E. 619, it could allow to plaintiff no interest. That case holds that, where money is wrongfully obtained or unlawfully or wrongfully withheld, a city is held for interest to the same extent as a private person. The applicable statute is Smith-Hurd's Rev.Stat. of Ill.1935, § 2, c. 74, which provides that creditors shall receive interest at 5 per cent. per annum "for all moneys after they become due * * * on money lent or advanced for the use of another; on money due on the settlement of account from the day of liquidating accounts between the parties and ascertaining the balance; * * * on money received to the use of another and obtained without the owner's knowledge; and on money withheld by an unreasonable and vexatious delay of payment." The court found the instant demand governed by the latter clause and concluded there had been no unreasonable delay.

We have seen that the sale of securities by defendant was a conversion of the bank's property. It was the sale without right, of securities wrongfully pledged. This, defendant was bound to know. Consequently, when it converted the same to its own use, it became liable to plaintiff for the conversion. Plaintiff, by its action in assumpsit, waived the tort, but it did not thereby necessarily waive its right for interest. There having been a wrongful conversion of the securities and withholding of the proceeds after demand, the city became liable for the interest upon the sum withheld. This is clearly within the statute as interpreted by the Supreme Court of Illinois. Thus, in Leigh v. American Brake-Beam Co., 205 Ill. 147, 68 N.E. 713, it was held that, where a contract is ultra vires and one receives money under it which in equity and good conscience belongs to another and which it ought to pay over, it is liable in an action for money had and received, with interest after demand. See, also, Brennan v. Gallagher, 199 Ill. 207, 65 N.E. 227; United States Brewing Co. v. Dolese & S. Co., 282 Ill. 588, 118 N.E. 1006, and Conway v. City of Chicago, 237 Ill. 128, 86 N.E. 619. When the city wrongfully retained the property of plaintiff and converted it into money, it committed a wrongful act and is chargeable with interest from the time of demand.

The judgment is reversed, with directions to the District Court to enter one for the same amount with interest at 5 per cent. from the date of demand and the costs in that court. Plaintiff will recover costs in this court on its appeal and also on the appeal of defendant.