## UNITED STATES HOFFMAN MACHINERY CORPORATION v. RICHA et al.

No. 4782.

District Court, W. D. Missouri, W. D.

Aug. 4, 1948.

970

Stinson, Mag, Thomson, McEvers & Fizzell, of Kansas City, Mo., for plaintiff.

Byron Spencer and Claude A. Fishburn, both of Kansas City, Mo., for defendant Richa.

RIDGE, District Judge.

The plaintiff, United States Hoffman Machinery Corporation (hereinafter called Hoffman), is an exclusive licensee of the defendant John A. Richa, individually and as Trustee of the estate of Charles B. Jones (hereinafter referred to, in both capacities, as Richa) to make, use and sell in the dry cleaning field, under Letters Patent Nos. 2,239,572; 2,284,232 and 2,342,937, a method, apparatus and machine for finishing fabrics and garments. Defendant W. M. Cissell is likewise an exclusive licensee of said inventions in the laundered article field. Both said licenses were granted by Richa on October 10, 1940. When they were so granted, it was considered by all parties that such licenses encompassed "all the fields of usefulness of the inventions covered by said patents." However, largely due to the efforts of Hoffman, "a third field of usefulness for the invention covered by said patents was developed, namely, the garment manufacturing field." On September 3, 1945, Hoffman received a letter from Cissell, in which Cissell asserted that Richa had granted to him an exclusive license to make, use and sell the devices covered by the above patents for all purposes other than those previously granted to Hoffman and Cissell. (A copy of said letter is attached to the complaint as an exhibit). Thereafter, in December, 1945, Valetor Distributors, an unincorporated sales division of Hoffman, received a letter from Cissell (also attached as an exhibit) in which it was asserted that Valetor's sales of "garment pressing devices," to garment manufacturers, were covered by the above letters patent; that such sales were an infringement of the rights granted by Richa, to Cissell, and requested Valetor to cease said infringement. In May, 1947, Hoffman received another letter from Cissell (also attached as an exhibit) in which it was asserted that Hoffman's sale of devices allegedly covered by said patents to garment manufacturers, "is outside the scope of the license from Richa, * * * to Hoffman and is an infringement of the rights Richa * * * granted to Cissell and that Cissell intends to hold Hoffman accountable therefor."

Because of such "acts and notifications", Hoffman alleges it "has been and is being inequitably handicapped and harassed in the conduct of its said business." Hoffman thereupon attacks the validity of each of the letters patent above referred to, on the grounds of prior art, prior knowledge and use of the inventions, in this and foreign countries; and on the ground of no invention. The prayer of the complaint is that Richa's letters patent be adjudged "invalid and void and not infringed"; that defendants and their privies be enjoined from bringing or prosecuting any civil action against Hoffman, its agents, subsidiaries and vendees, charging infringement

of said letters patent, and other ancillary relief.

Defendant Cissell has not been served with process in this action. Defendant Richa has moved to dismiss the complaint on the grounds that no justiciable controversy is shown to exist between Hoffman and Richa, cognizable under the Federal Declaratory Judgment Act, 28 U.S.C.A. 400; that the complaint does not allege that Richa has ever charged Hoffman with infringement of his letters patent; and that Hoffman as an exclusive licensee of Richa, "is estopped to deny the validity of said letters patent."

The license agreement under which Hoffman claims an exclusive license to make and use the invention of Richa in the dry cleaning field, is attached to the petition as an exhibit. Cissell's license in the laundered article field is identical in form with that of Hoffman. Said agreements are conventional, in that they grant to the licensees during the term of the patents, licenses to make, use and sell the entire inventions in a given field, upon the payment of a stated royalty for "all machines or devices embodying said inventions;" licensees are required to make quarterly reports "of all royalty due" thereunder and are obligated to pay a minimum annual royalty. Each licensee is given the right to defend their respective grants against infringement and both agreed with Richa "to mark, or have marked, the number or numbers of any patent or patents included (therein) upon any machines or devices made by (them or their) sublicensees * * *, and that (they) will not, during the term of this agreement, directly or indirectly contest the validity of any patent or patents included" therein. (Parentheses added.) Said agreements specifically confine the licensee to make, use and sell the invention in the field of use for which license is granted. No price-fixing provision, or agreements in restraint of trade, are contained in said licenses and we are not oblivious of any such contention here being made by any party to this action.

The license which Cissell asserts that he has to make, use and sell the invention of Richa in fields of use "not included or embraced by either of the agreements with Cissell or (Hoffman) under date of October 10th, 1940," is not attached to the complaint. An alleged excerpt thereof granting to Cissell such additional license is contained in the letter from Cissell to Hoffman, under date of August 31, 1945, to the extent as above referred to.

At the oral argument on the motion to dismiss, counsel for Hoffman admitted: "Within the ambit of this plaintiff's license (from Richa) it is living up to every term of the license, it has not repudiated the license, it has not violated any provisions in the license." At another time during his argument, said counsel stated that Hoffman is using and selling Richa's invention in the "garment manufacturing field", a field of use in which Hoffman has no license from Richa. "Our use in this new field is without the slightest question in the world beyond the ambit of our license. If the patent is valid we are infringers. We believe the patent is invalid and we seek the right to determine that question."

■■ Supplementing the facts revealed by the complaint and exhibits attached thereto, for the purpose of ruling the instant motion to dismiss, the Court here orders a copy of the transcript of the oral arguments of counsel, revealing the above admissions, to be now made a part of the record in this cause. One of the grounds of the instant motion to dismiss is that the complaint herein fails "to state a claim against defendant, John H. Richa, individually, and as trustee of the estate of Charles B. Jones, upon which relief can be granted." The motion to dismiss asserting such defense, the Court, under Rule 12(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, is now privileged to consider admissions and "matters outside the pleadings" in disposition of said motion, and if "not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Under Rule 56(b) (F.R.C.P.), "A party against whom * * * declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor." Subdivision (c) of said rule provides: "The judgment sought shall be rendered forth-

with if the pleadings * * * and admissions on file * * * show that * * * there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Because we are convinced from the allegation of the complaint, exhibits attached thereto and admissions of counsel for plaintiff, made as above stated, that no genuine issue as to any material fact exists between the parties, we have a definite basis in the rules for disposing of the motion to dismiss in this fashion.

■ In this declaratory judgment action plaintiff, Hoffman, perceives Richa's letters patent with jaundiced vision. As a licensee of Richa, claiming rights under such letters patent, and presently making use of the invention embodied therein, Hoffman perceives the letters patent as valid, subsisting grants to Richa under the patent laws of the United States. In using the identical invention covered by said letters patent outside the ambit of its license, Hoffman says that it is infringing such letters and from that vista it perceives said letters patent to be invalid. The conflicting positions so assumed by Hoffman clearly reveal that the declaratory judgment action here sought to be maintained does not present an actual controversy concerning adverse legal rights of the parties hereto such as is essential to bring this action within this Court's jurisdiction.

■ In the case at bar Hoffman, under its exclusive license agreement with Richa, has the right to make, use and sell Richa's invention to a certain class of trade and assert all the claims made therefor in the letters patent issued to Richa. Hoffman is exercising such privilege under said license agreement at this time. It blandly declares that it is living up to all the terms of such agreement. Consequently, it thereby recognizes the validity of the letters patent issued to Richa and it may be presumed that it is now paying to Richa the royalty provided to be paid in said agreement for all devices manufactured and sold by it thereunder. As a licensee of Richa, within the ambit of its license, Hoffman admits it is legally bound, and from that standpoint

estopped to deny the validity of the letters patent in suit. That it is so bound and estopped is established law. Kinsman, et al. v. Parkhurst, 18 How. 289, 59 U.S. 290, 15 L.Ed. 385; United States v. Harvey Steel Co., 196 U.S. 310, 25 S.Ct. 240, 49 L.Ed. 492. The liability of Hoffman to Richa is to be determined by the terms of the license agreement existing between them. The invalidity of the letters patent in suit, because of prior art, or no invention, would not relieve Hoffman from any liability it incurred to Richa by virtue of such license contract. Cf. Sbicca-Del Mac v. Milius Shoe Co., 8 Cir., 145 F.2d 389, 400. Inasmuch as Hoffman is presently making use of Richa's invention and has not repudiated the license agreement under which it is privileged to make, use and sell such invention, we do not perceive an actual controversy existing between Richa and Hoffman in which this Court could enter a decree conclusive in character touching the legal rights of the parties under the letters patent in suit. Unless a declaratory judgment action presents an actual controversy, definite and concrete, touching all the adverse legal relations of the parties to the matter in controversy and which admits of specific relief through a decree conclusive in character, Federal District Courts should not entertain jurisdiction of such actions. Ætna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000. When the license contract between Hoffman and Richa is considered in light of the relief here sought by Hoffman, any decree the Court might enter concerning the invalidity of Richa's letters patent because of prior art, or no invention, would at the most be only advisory, contingent and not conclusive on the parties. Federal Courts are without power to give advisory opinions and it is the practice of such Courts not to declare contingent interests. Alabama Federation of Labor v. McAdory, 325 U.S. 450, 65 S.Ct. 1384, 89 L.Ed. 1725.

■ Hoffman not having repudiated its license agreement with Richa, but on the contrary admitting that it is living up to all the provisions thereof, is estopped to contest the validity of Richa's patent, even though it is using such patent outside the

ambit of its license. Such estoppel may be based upon Hoffman's agreement with Richa. Hoffman specifically, in unambiguous terms, agreed not to contest the validity of any patents included in its license. Such agreement is now in force as a binding agreement between said parties and effects an estoppel against Hoffman by deed. Cf. Eskimo Pie Corp. v. Arctic Fruit Ices, Inc., D.C., 15 F.2d 853; Eskimo Pie Corp. v. National Ice Cream Co., 6 Cir., 26 F.2d 901; Sinko Tool & Mfg. Co. v. Casco Products Corp., 7 Cir., 89 F.2d 916; City of Chicago v. Joseph, 7 Cir., 95 F.2d 444. It likewise may be asserted upon the broad and equitable doctrine that one who is presently receiving the fruits of the monopoly of letters patent is estopped from claiming that such patent is invalid or worthless. 19 Am.Jur., Sec. 64, p. 82, etc. What is said in Sinko Tool & Mfg. Co. v. Casco Products Corp., supra [7 Cir., 89 F. 2d 918], is apposite here: "Under the facts of this case, we conclude that there is no limitation upon the estoppel against the licensee; that, inasmuch as appellant is a licensee for all the inventions for a particular trade, he is not in a position to attack the validity of the patents, either when he sells to the trade or when he breaks his agreement and sells the same mechanism to the prohibited trade. In neither instance is the question of validity open to him."

The authorities cited by Hoffman in support of its contention, that in selling Richa's invention in a field of use in which it is not licensed it is an infringer and, therefore, has the right to contest the validity of Richa's letters patent, are readily distinguishable from the facts here considered. In Indiana Mfg. Co. v. Nichols & Shepard Co., C.C., 190 F. 579, the licensee repudiated the license before it made attack on the validity of the patent there involved. In Chance v. Lehigh Nav. Coal Co., D.C., 25 F.Supp. 532, 534, both parties agreed that the estoppel there asserted was one created by deed and not by conduct. The Court there declared, "the only estoppel asserted is that which arises under the contract, and the contract plainly excludes the estoppel." The Court there further said, however: "This does not mean at all that the use of a patent in defiance of the terms of a license is 'beyond the term of the license' and therefore not subject to the doctrine of estoppel." In International Burr Corp. v. Wood Gringing Service, 2 Cir., 34 F.2d 905, 906, "the license was terminated June 8, 1922, some two months before the bill was filed." (An infringement action.) In resolving the question whether that portion of the decree therein entered relating to accounting for damages which accrued while the license agreement remained unrevoked, the Court held that the licensee who acted beyond the scope of his license could, during the term thereof, contest the validity of his licensor's patent. The Court, in making such ruling, cited Indiana Mfg. Co. v. Nichols & Shepard Co., supra, as its sole authority. It is sufficient to note that in International Burr Corp. v. Wood Grinding Service, supra, the estoppel was only held to apply to that part of the decree relating to accounting for damages. Here, Hoffman brings a declaratory judgment action, seeking equitable relief by way of injunction against Richa. In the Sola Electric Co. v. Jefferson Electric Co., 317 U.S. 173, 63 S.Ct. 172, 87 L.Ed. 165; Katzinger Co. v. Chicago Mfg. Co., 329 U.S. 394, 67 S.Ct. 416, 424, 91 L.Ed. 374; and McGregor v. Westinghouse, 329 U.S. 402, 67 S.Ct. 421, 424, 91 L.Ed. 380; cases, the Court refused to apply the doctrine of estoppel because the license agreement contained price-fixing provisions which vitiated the entire license agreements. In Scott Paper Co. v. Marcalus, 326 U.S. 249, 66 S. Ct. 101, 90 L.Ed. 47, the alleged infringing assignor was using a device exact in design and character to that of an expired patent. No use of an expired patent is here claimed by Hoffman.

It is manifest from the complaint herein that Hoffman attacks the validity of the patents of Richa because of "no invention". The prior art relied upon by Hoffman in making such attack is not available to it as a licensee of Richa. Especially is that true when, as it is here shown, Hoffman is enjoying all the monopoly of Richa's letters patent, and using Richa's invention even in a field in which it is not licensed.

Westinghouse Co. v. Formica Co., 266 U.S. 342, 45 S.Ct. 117, 69 L.Ed. 316.

For the reasons above stated, summary judgment will be entered herein, denying to Hoffman the relief here sought and the bill of complaint will be dismissed. Counsel prepare judgment entry accordingly.