THE TOLTEC LIVE STOCK COMPANY v. GILLESPIE, AS EXECUTRIX.
(No. 698.)

THE TOLTEC LIVE STOCK COMPANY v. GILLESPIE.
(No. 699.)

APPEAL AND ERROR—LIMITATION—MOTION FOR NEW TRIAL—BILL OF EXCEPTIONS—ALLOWANCE.

1. A proceeding in error commenced within one year from the overruling of a motion for new trial seasonably filed after judgment is commenced in time to authorize the review of

alleged errors properly involved in a determination of such motion.

2. The statute fixing the date of the rendition of the judgment as the commencement of the period of limitation for prosecuting proceedings in error refers to a judgment that has become final for the purpose of instituting such proceedings; the evident purpose and intent of the statute is to allow one year from the time that a party may rightfully commence proceedings for the correction of the errors complained of.

3. The purpose of a bill of exceptions is to preserve and bring into the record the exceptions and the facts explaining the same which would not otherwise appear of record; the finality of the judgment does not depend upon the preparation or allowance of the bill.

4. While a bill of exceptions may be necessary to present the errors complained of, its allowance is not a prerequisite to the commencement of a proceeding to reverse, vacate or modify the judgment.

5. A party presenting a proper bill of exceptions within the time allowed therefor will not lose his right to appeal through delay in its allowance without fault on his part, and he can be protected in such right by an appellate court, but such delay will not interrupt the operation of the statute limiting the time for commencing the proceeding in error.

6. If a party is without fault in the presentation of bill of exceptions, it can be allowed and signed after the commencement of the proceeding in error, and, if brought into the record, it can be considered by the appellate court upon the submission of the cause.

7. The words of the statute specifying the date of the rendition of the judgment or order complained of as the beginning of the period allowed for commencing an appellate proceeding were not intended to refer to the date of the allowance of the bill of exceptions.

[Decided May 6, 1912.]                    (123 Pac. 413.)

ERROR to the District Court, Albany County; HON. CHARLES E. CARPENTER, Judge.

Maggie Howard Gillespie, as executrix of the last will and testament of Samuel W. Gillespie, deceased, brought an action against The Toltec Live Stock Company, and individually brought another action against the same defendant. Judgment was entered for plaintiff in each action after the

filing of a remittitur reducing the amount of a judgment previously entered upon a verdict. The defendant prosecuted error. Both cases in the Supreme Court were heard on motion to strike the bill of exceptions and dismiss the proceeding in error. The other material facts are stated in the opinion.

*H. V. S. Groesbeck,* for defendant in error, in support of the motion.

The exceptions were not reduced to writing and presented within the time allowed; most of the matter inserted in the bill was so inserted without the court's permission or suggestion. Indeed the perfected bill was not presented until about September 19, 1911, during the second term after the motion for new trial was overruled. There was no reason for the delay. The rule applied in Harden v. Card, 14 Wyo. 479, is not applicable upon the facts in this case. The bill as presented was a mere fragment, and upon the facts recited by the judge in the certificate there is no possible excuse for a failure to present a complete bill at an earlier date. (LeClair v. Hawley, 17 Wyo. 222.) The recitals of the certificate must be taken as importing absolute verity.

No motion for new trial was filed as to the judgment entered after the filing of the remittitur. The proceeding in error was not commenced in time. (Compiled Stat., 1910, sec. 5122; Conradt v. Lepper, 13 Wyo. 99.)

*N. E. Corthell,* for plaintiff in error, *contra.*

The defendant in error seems now to be complaining of the decision, ruling and action of the lower court, instead of the plaintiff in error, but it has not placed itself in a position to complain of any decision of the lower court in this case. (Baxter v. Coughlin, 80 Minn 322, 83 N. W. 190.) The statute relating to the presentation and allowance of bills of exceptions is to be liberally construed. (McBride v. U. P. Ry. Co., 3 Wyo. 183; Roy v. Union Mer. Co., 3 Wyo. 422; Stirling v. Wagner, 4 Wyo. 5; Conway v. Smith Merc. Co., 6 Wyo. 330; Jones v. Bowman, 10 Wyo. 53; Commissioners

v. Shaffner, 10 Wyo. 185; Harden v. Card, 14 Wyo. 479; Comp. Stat., 1910, secs. 4263, 4437, 4438; Morgan v. R. Co., (Utah) 74 Pac. 523; McDaniel v. Columbus F. Co., 109 Ga. 284; Kalschmidt v. Weber, (Cal.) 79 Pac. 272; Cameron v. Calkins, 43 Mich. 191; Milwaukee v. Pabst, 64 Wis. 244; Dobson v. Dobson, 7 Neb. 296; State v. Gaslin, 32 Neb. 291; Greenwood v. Cobbey, (Neb.) 39 N. W. 833; Preble v. Bates, 40 Fed. 745; U. S. v. Adams, 6 Wall. 101.) It was the duty of the court or judge upon presentation of the bill, if incorrect, to have it corrected so as to conform to the truth. (State ex rel. v. Craig, 15 Wyo. 439.)

The work of the complaining party was fully performed in apt time. The exceptions themselves, which constitute the substance of the appeal, were written out and presented within the time allowed. Only the formal matters embodied in the transcript of the evidence remained to make the bill complete and perfect in its present form. Many of the exceptions do not depend upon the transcript of the evidence for their explanation. It would be a dangerous doctrine that an entire bill should be rejected and disregarded because the transcript of the evidence was not complete.

Not only is it possible for a motion for new trial to be held under advisement for more than one year "after the rendition of the judgment," but the present case shows that it is equally possible for a bill of exceptions to remain in process of settlement undisposed of for more than one year after the disposition of a motion for a new trial. There might be other illustrations showing the possibility of necessary delay in making and perfecting the record in the trial court which might exceed the period of one year allowed from the "rendition" of the judgment within which to commence the appellate proceeding. Where any of these things have occurred, the statute limiting the time for a proceeding in error should be so construed as to prevent any such delays from operating to the detriment of the complaining party by barring his right to take advantage of his exceptions through an appellate proceeding. (Conradt v. Lepper, supra; Le-

Clair v. Hawley, 18 Wyo. 23; Inv. Co. v. Martin, 125 Mo. 117, 28 S. W. 434; Cunningham v. Roush, 141 Mo. 640, 43 S. W. 161; Wall v. Casualty Co., 86 S. W. 495.) The completing and settling of a bill of exceptions is not within the control of the party, but it is substantially a proceeding of the court itself and within its control and direction; hence a delay in signing does not prejudice the party. (Cahill v. Baltimore, 93 Md. 233, 48 Atl. 705; Wall v. Casualty Co., supra; Hillard v. Taylor, 114 La. 883, 38 So. 594; Cameron v. Calkins, 43 Mich. 191, 5 N. W. 292; Frickler v. Americus &c. Co., 124 Ga. 165, 52 S. E. 65.) There is an obvious analogy between the accrual of a cause of action in the court of original jurisdiction, and the accrual of a cause in the appellate court. (Caldwell v. State, 12 Wyo. 206.) The analogy is equally strong between the conditions which start the running of the statute of limitations. (25 Cyc., 1065; 19 Ency. Law, 193; McPherson v. Swift, (S. D.) 116 N. W. 76; In re Hanlin's Est., 113 N. W. 411; French v. Higgins, (N. J.) 50 Atl. 344.) Until there is a record, complete in all essential respects of the proceedings of the trial court, there can be no review of such proceedings in the appellate court.

POTTER, JUSTICE.

These two cases were brought and tried in the District Court of Albany County and are here on error. They have been heard in this court upon motions filed in each case to strike the bill of exceptions and dismiss the proceeding in error. The same questions are presented in each case. The pertinent facts are as follows: In one case (No. 698) judgment was rendered November 25, 1908, upon the verdict of a jury against the defendant below, the plaintiff in error here, for $3,207 and costs. A motion for new trial was filed November 30, 1908, and on October 9, 1909, an order was entered granting said motion unless the plaintiff should within fifteen days file a remittitur in the sum of $2,407, thereby reducing the judgment to $800; and denying the motion if said remittitur be filed. The remittitur was filed

within the time specified, and on November 6, 1909, a new or modified judgment was entered for the reduced amount. The petition in error was filed in this court on October 13, 1911.

In the other case (No. 699) judgment was entered on November 27, 1908, against said defendant, the plaintiff in error here, also upon the verdict of a jury, for $1,092.50 and costs. A motion for new trial was filed on December 4, 1908, and on October 9, 1909, an order was entered granting said motion unless the plaintiff should file within fifteen days a remittitur in the sum of $942.50, thereby reducing the judgment to $150; and denying the motion if such remittitur be filed. The remittitur was filed within the period specified, and on November 6, 1909, a new or modified judgment was entered for the reduced amount. The petition in error was filed in this court on October 16, 1911.

In each case, at the time the motion for new trial was disposed of as aforesaid, the defendant excepted to that part of the order which permitted the judgment to stand provisionally for the amount to which it would be reduced by the remittitur, and was granted time up to and including the first day of the March, 1910, term of said court to reduce its exceptions to writing and present the same for allowance. On the first day of said March term, viz.: March 14, 1910, a bill of exceptions was presented, which appears to have included only a portion of the evidence. On the following day the plaintiff filed a motion to strike the bill so presented on the ground, among others, that it did not contain all the evidence. The matter of allowing and signing the bill came on for hearing before the trial court on September 19, 1911, at which time the bill was allowed and signed. The court, however, inserted in the bill a statement of facts showing the condition of the bill when presented; that it was subsequently completed by incorporating therein the remainder of the evidence without express permission of the court; that the transcript of the evidence was not ordered until about ten days before the expiration of the time allowed for the pre-

sentation of the bill; that it was impossible for the official stenographer to complete the transcript between the time when it was ordered and the first day of the March, 1910, term; that if the transcript had been ordered within a reasonable time, the stenographer would have had ample time to make and furnish the same before the expiration of the time allowed for presenting the bill; and that the bill was first presented on March 14, 1910, and was not again presented until on or about September 19, 1911.

The principal question arising upon the motion to dismiss is whether the proceeding in error was commenced within the time limited by statute, viz.: "within one year after the rendition of the judgment, or the making of the final order complained of." (Comp. Stat., 1910, sec. 5122.) As nearly two years elapsed between the date of the judgment which was rendered after the motion for new trial had been disposed of as aforesaid and the date of filing the petition in error in this court, it is clear that the proceeding in error was not commenced within the time specified by the statute, unless the delay in signing the bill of exceptions prevented the running of the statutory period allowed for the commencement of such proceeding. It is contended by counsel for plaintiff in error that as a bill of exceptions was necessary to present the errors complained of, the date when the bill was allowed and signed should be taken and held to be the date of the rendition of the judgment, within the meaning of the statute limiting the time for commencing a proceeding in error. And that is the only question which we think necessary to determine.

We have held, construing the statutory provision aforesaid, that a proceeding in error commenced within one year from the overruling of a motion for new trial seasonably filed after judgment is commenced in time to authorize the review of alleged errors properly involved in a determination of such motion. (Conradt v. Lepper, 13 Wyo. 99, 78 Pac. 1, 3 Ann. Cas. 627.) The reasons stated for that conclusion are well illustrated by these cases, for in each case

the motion for new trial resulted in a reduction of the amount of the judgment rendered upon the verdict, and in the rendition of a new or modified judgment. Such reasons are not, however, applicable to the matter of the presentation and allowance of a bill of exceptions after the overruling of the motion for new trial. The questions to be determined by the judgment do not then remain in the breast of the trial court, but on the contrary the judgment has become final. In the case cited it was said: "A judgment which this court is authorized to review on error is clearly that judicial act which the statute defines as a judgment, viz.: the final determination of the rights of the parties in action. And we think it equally clear that the statute fixing the date of the rendition of the judgment as the commencement of the period of limitation for prosecuting proceedings in error refers to a judgment that has become final for the purpose of instituting such proceedings. The evident purpose and intent of the statute is to allow one year from the time that a party may rightfully commence proceedings in this court for the correction of the errors complained of. It is unreasonable to presume that the Legislature intended the period of limitation to begin while the questions to be presented remain within the breast of the trial court, and before the party is in a position to demand a review in the appellate tribunal; in other words, before the cause of action in this court accrues."

The purpose of a bill of exceptions is to preserve and bring into the record the exceptions and the facts explaining the same which would not otherwise appear of record. The finality of the judgment in no wise depends upon the preparation or allowance of the bill. While it is true that a bill may be necessary to present the errors complained of, its allowance is not a pre-requisite to the commencement of a proceeding to reverse, vacate or modify the judgment. When the complaining party has presented a proper bill within the time allowed therefor, his right to the bill will not be lost through delay in its allowance occurring without

fault on his part, and this court can protect him in his rights. But such delay does not interrupt the operation of the statute limiting the time for commencing the proceeding in error. If there was a statute or rule preventing the commencement of the appellate proceeding prior to the allowance of the bill, there would perhaps be more force in the argument that within the meaning of the statute limiting the time for commencing such proceeding the date of the allowance of the bill should be regarded as the date of the rendition of the judgment.   But there is no such statute or rule.  On the contrary, if the party is without fault in the presentation of the bill, it can be allowed and signed after the commencement of the proceeding in error, and, if brought into the record here, it can be considered upon the submission of the cause. But if that were not so, we do not think that it was intended by the words of the statute specifying the date of the rendition of the judgment or order complained of as the beginning of the period allowed for commencing the appellate proceeding to refer to the date of the allowance of the bill of exceptions.

In Jackson v. Haisly, 27 Fla. 214, 9 So. 648, it was said: "The extension of time for settling a bill of exceptions has nothing to do with taking an appeal further than the making of a record of matters *in pais* for the appellate court to act on; it has no effect to extend the time prescribed by the statute for appealing." (See also Lewis v. Meginnis, 25 Fla. 589, 6 So. 169; Cook v. Cook, 104 Ill. 98; Hammond v. Wolf, 78 Ia. 227, 42 N. W. 778.)

We think it necessary to hold that the proceeding in error in each of these cases was not commenced within the time prescribed by the statute, and for that reason the motion to dismiss in each case must be sutained.

BEARD, C. J., and SCOTT, J., concur.