**John CAVANAUGH, Plaintiff,**

v.

**B. E. McKENZIE, Defendant.**
**No. 1293.**

United States District Court
D. Nevada.
March 26, 1957.

William O. Bradley of Grubic, Drendel & Bradley, Reno, Nev., for plaintiff.

Franklin P. Rittenhouse, U. S. Atty., Las Vegas, Nev., for defendant.

ROSS, District Judge.

The history of this matter is as follows: On January 24, 1957, plaintiff filed his petition in the Second Judicial District Court of the State of Nevada, in and for Washoe County. In it plaintiff alleged himself the owner of certain lands contiguous to the government owned Stead Air Force Base; that defendant was and is the Commanding Officer at Stead Air Force Base; that defendant had obstructed a dirt road leading across a portion of the Base by placing a gate across the same; that plaintiff and his predecessors had enjoyed right of access to the lands presently owned by him over the dirt road now closed; that he was irreparably injured. The prayer was for a temporary restraining order, an order to show cause, and an injunction requiring the defendant to remove the gate complained of and to thereafter refrain from interfering with plaintiff's right of ingress and egress to his contiguous lands over the dirt road across the Base property. The temporary restraining order and order to show cause was issued in the state court.

On removal to the federal court the restraining order expired of its own limitation, and plaintiff thereupon filed his amended complaint, which was in all respects identical with the original com-

plaint except that it detailed the nature of the irreparable injury that plaintiff would suffer unless the relief prayed for was granted, and the allegation contained in Paragraph V of the original complaint was entirely omitted. This paragraph which appeared in the original complaint, but was omitted in the amended complaint, alleged that the action of the defendant, as Commanding Officer of the Base, in closing the gate across the dirt road, was in excess of his authority as such officer.

Pursuant to the prayer of the amended complaint a restraining order and order to show cause was issued out of this Court, and on hearing the Court issued its preliminary injunction. Following this the government, on behalf of the Commanding Officer of the Base, defendant herein, filed its motion to dismiss the action "because it is in substance and effect against the United States of America, which has not consented to be sued or waived its immunity from suit." The motion was based on the pleadings, records, and testimony filed and taken in the matter. Briefs were filed and argued by respective counsel, and the matter submitted to the Court for determination.

Movant argues that the Court should inquire into the interests of the government in the matter because the plaintiff seeks specific relief against the sovereign; that the injunction, if issued, must of necessity expend itself on the land of the United States, and thus the United States is an indispensable party. Plaintiff, in resisting the motion, argues that this is not a suit against the government but is a suit directed against the defendant as an individual. Thus the only issue before the Court is whether the Court has jurisdiction to entertain this action, and that turns on the proposition whether or not this is in effect an action against the United States in a matter in which it has not consented to be sued, or in which it has waived its immunity from suit.

▮ Parenthetically, it should be noted that during oral argument on the Motion to Dismiss counsel for both parties freely alluded to and argued the evidence adduced upon the hearing of the show cause order. We are of the opinion that such evidence, which is not in dispute, is properly before the Court in its consideration of this motion.

"A motion to dismiss now performs the office of the general demurrer under the former practice. Under Rule 7(c), supra [28 U.S. C.A.] demurrers, pleas and exceptions for insufficiency of a complaint cannot be used, and a 'speaking motion' to dismiss may be utilized to present the defenses enumerated in Rule 12(b), supra. Affidavits, depositions and other documentary proof may be utilized when the movant seeks a dismissal of the case upon any of the first five defenses [enumerated] in Rule 12(b), supra. The very nature of those defenses is such as to admit of proof by ex parte statements in most instances. Moore's Federal Procedure, Vol. 1, pages 646, 647 and appendix. However the court should never grant a motion presenting any of the said defenses if any material fact is disputed by counter affidavits, depositions or documents. Where the enumerated sixth defense 'failure to state a claim upon which relief can be granted' is relied upon the court should determine the motion upon the allegations of the complaint and undisputed facts as they appear from the pleadings, orders and records of the case. (Citing case.)" Yudin v. Carroll, D.C.Ark.1944, 57 F.Supp. 793, 794.

▮ Now, on the question of lack of jurisdiction. The following rules which constitute historically sound law form the background for a consideration of this case. Suits against the government must be considered against a background of complete immunity:

"It is not our right to extend the waiver of sovereign immunity more broadly than has been directed by the Congress." United States v.

Shaw, 309 U.S. 495, 60 S.Ct. 659, 662, 84 L.Ed. 889.

Consonant with this view, it has been stated that permission to sue the sovereign will not be implied:

"It is fundamental that the United States cannot be sued without its permission, and that permission must be specifically granted by Congress. It will not be implied." North Dakota-Montana Wheat Growers' Ass'n v. United States, 8 Cir., 1933, 66 F.2d 573, 577, 92 A.L.R. 1484, certiorari denied 291 U.S. 672, 54 S.Ct. 457, 78 L.Ed. 1061.

And, further, that the United States

" * * * Cannot be subjected to legal proceedings, at law or in equity, without their consent; and whoever institutes such proceedings must bring his case within the authority of some act of congress." Belknap v. Schild, 161 U.S. 10, 16 S.Ct. 443, 445, 40 L.Ed. 599.

The Court, in considering such suits must look into the entire record:

"The government's interest must be determined in each case 'by the essential nature and effect of the proceeding, as it appears from the entire record.' In re State of New York, 256 U.S. 490, 500, 41 S.Ct. 588, 590, 65 L.Ed. 1057, 1062." Mine Safety Appliances Co. v. Forrestal, 326 U.S. 371, 66 S.Ct. 219, 221, 90 L.Ed. 140.

■ If the officers who are sued in their individual or personal capacity have no individual or personal interest in the controversy, and if the suit seeks to control their actions and exercise of functions as officers of the United States, the immunity from suit is applicable.

" ' * * * the inference is that where it is manifest upon the face of the record, that the defendants have no individual interest in the controversy, and that the relief sought against them is only in their official capacity as representatives of the state, which alone is to be affected by the judgment or decree, the question

then arising whether the suit is not substantially a suit against the state, is one of jurisdiction;' * * *'" Belknap v. Schild, 161 U.S. 10, 16 S.Ct. 443, 447, 40 L.Ed. 599.

"Since the proposed action is the performance of a duty imposed by the statute of the state upon state officials through whom alone the state can act, restraint of their action, which the bill of complaint prays, is restraining of state action, and the suit is in substance one against the state * * *". Worcester County Trust Co. v. Riley, 302 U.S. 292, 58 S.Ct. 185, 188, 82 L.Ed. 268.

"The effect of the injunction asked for would have been to oblige the United States to accept continued performance of plaintiff's contract, and thus prevent the inauguration of the experimental service contemplated by the act of 1914—a direct interference with one of the processes of government. The argument to the contrary assumes to treat defendant, not as an official, but as an individual who, although happening to hold public office, was threatening to perpetrate an unlawful act outside of its functions. But the averments of the bill make it clear that defendant was without personal interest and was acting solely in his official capacity and within the scope of his duties. Indeed, it was only because of his official authority that plaintiff's interests were at all endangered by what he proposed to do." Wells v. Roper, 246 U.S. 335, 38 S.Ct. 317, 62 L.Ed. 755.

■ The suit nominally against an officer will be considered one against the sovereign, if the specific relief sought will expend itself on public property.

If the initial nature and effect of a suit is such as to make plain that the judgment sought will expend itself on public treasury or domain, or interefere with the public administration, the suit is one against the

sovereign. Land v. Dollar, 330 U.S. 731, 67 S.Ct. 1009, 91 L.Ed. 1209.

The Supreme Court has recently ruled upon the precise question in Larson v. Domestic and Foreign Commerce Corporation, 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628. It appears in the Larson case that the plaintiff had contracted to purchase coal from the War Assets Administration. A controversy arose over the construction of the contract and the War Assets Administration took the view that a breach had occurred and it was free to sell to other parties. Plaintiff sought an injunction prohibiting Larson, head of the WAA, from selling or delivering to the other purchaser. Defendant sought to dismiss upon the ground the Court was without jurisdiction because the suit was one against the United States. The Supreme Court held that the suit must fail; that in determining the sovereign's immunity from suit actions of an officer which do not conflict with the terms of his statutory authority, whether or not they are tortious under general law, cannot be enjoined if they would be regarded as the actions of a private principal under the rules of agency.

"We hold that if the actions of an officer do not conflict with the terms of his valid statutory authority, then they are the actions of the sovereign, whether or not they are tortious under general law, if they would be regarded as the actions of a private principal under the normal rules of agency. A Government officer is not thereby necessarily immunized from liability, if his action is such that a liability would be imposed by the general law of torts. But the action itself cannot be enjoined or directed, since it is also the action of the sovereign." Larson v. Domestic and Foreign Corp., 337 U.S. 682, 69 S.Ct. 1457, 1464.

It is fair to note that Mr. Justice Frankfurter dissented on the ground the suit was in effect one to determine whether Larson was within his authority, and the District Court did have jurisdiction over the controversy for the purpose of determining that issue. It should also be noted that the Supreme Court, after setting down the general rule announced above, laid down two classes of cases wherein an officer of the Government might be sued, without joining the sovereign. One class is where the statute or order conferring power upon the officer to act is unconstitutional or otherwise invalid, and the other is where the officer is not acting within the statutory limitation of his powers. The plaintiff, relying on the cases of United States v. Lee, 106 U.S. 196, 1 S.Ct. 240, 27 L.Ed. 171, and Land v. Dollar, 330 U.S. 731, 67 S.Ct. 1009, 91 L.Ed. 1209, seeks to bring his suit within the latter exception. Both cases are exhaustively treated in the Larson case, and need not be reconsidered here.

From the test laid down in the Larson case, which appears to culminate all prior legal thinking on the subject of Governmental immunity, if plaintiff will sue an officer of the government for some act in connection with his office under the second exception noted above, and obtain specific relief, he must get over two hurdles. First, he must plead and prove the "statutory limitation" which has been exceeded and secondly, the act must not be the act of the United States, by the application of general agency principles.

In applying the "statutory limitation" test we should go directly to the language of the Larson case:

"The application of this principle to the present case is clear. The very basis of the respondent's action is that the Administrator was an officer of the Government, validly appointed to administer its sales program and therefore authorized to enter, through his subordinates, into a binding contract concerning the sale of the Government's coal. *There is no allegation of any statutory limitation on his powers* as a sales agent. In the absence of such a limitation he, like any other sales agent, had the power and the duty to construe such contracts and to refuse

delivery in cases in which he believed that the contract terms had not been complied with. His action in so doing in this case was, therefore, within his authority even if, for the purposes of decision here, we assume that his construction was wrong and that title to the coal had, in fact, passed to the respondent under the contract. There is no claim that his action constituted an unconstitutional taking." (Emphasis supplied.) Larson v. Domestic and Foreign Corp., supra.

And, again,

"It is important to note that in such cases the relief can be granted, without impleading the sovereign, only because of the officer's lack of delegated power. A claim of error in the exercise of that power is therefore not sufficient. And, since the jurisdiction of the court to hear the case may depend, as we have recently recognized, upon the decision which it ultimately reaches on the merits, *it is necessary that the plaintiff set out in his complaint the statutory limitation on which he relies.*" Larson v. Domestic and Foreign Corp., supra.

There has been an unfortunate choice or use of words in some portions of the Larson case which may have caused plaintiff to misconceive a remedy. Thus, " * * * if the actions * * * do not conflict with the terms of his valid statutory authority * * * " and, if the Federal officer is "acting in excess of his authority," are examples. What the Court meant, and what the Court said in expressly treating the subject, is that a mere allegation in the complaint that the defendant's actions were beyond any "authority * * * conferred upon him," or that he has "no authority," is not sufficient. There must be some express allegation of some express statutory limitation upon the actions of the officer, and an allegation of an act in excess thereof. The complaint here completely fails in that respect.

■ If the "agency test" as laid down in the Larson case and considered in the light of the historical background noted above, is applied here, it is inescapable that the actions of the defendant, Colonel McKenzie, were the actions of his principal, the United States of America. It was neither alleged nor shown that the defendant had any personal interest in the subject easement. The defendant testified that while he had a personal view on the matter at hand, it was of no moment here. On the contrary, the positive testimony is to the effect the interest of the defendant was one of protecting perimeter lighting cables which lay under the easement, close to the surface of the earth, and which were a part of the Air Force Base Installation and United States Government property. There was also testimony that part of the defendant's official duties was the protection of the property of the government under his command. The defendant was employed by the United States of America to perform service in its affairs. It is elementary that the defendant's conduct in the performance of the service is controlled or is subject to the right to control by the United States of America. Specific relief here must, of necessity, expend itself on the public domain.

The Court is of the opinion that this suit must fail, as one against the United States of America. Our conclusion is based upon the ground that the actions of the defendant do not exceed an express statutory limitation, and are those of a private principal under the normal rules of agency.

It is ordered that the defendant's motion to dismiss the above entitled action be, and the same is, hereby granted.