David William VOSSLER, Sr., Minor, By and Through His Next Best Friend and Kin, His Father, Frank Vossler, Appellant (Plaintiff below),

v.

Delbert PETERSON, Appellee (Defendant below).

No. 3864.

Supreme Court of Wyoming.

Feb. 11, 1971.

Vincent A. Ross, Cheyenne, for appellant.

Paul B. Godfrey, Cheyenne, for appellee.

Before McINTYRE, C. J., and PARKER, McEWAN, and GRAY, JJ.

Mr. Justice PARKER delivered the opinion of the court.

Defendant's motion in a damage action to dismiss a second amended complaint on the ground that it failed to state a claim upon which relief might be granted was sustained by the trial court, and plaintiff has appealed. Germane to the ruling are two previous complaints in the action, the arguments in the trial court challenging them, and the disposition in each instance, all of which disclose the metamorphosis of the litigation up to this point.

The original complaint recited that both David William Vossler and Sandra J. Vossler were employed by the defendant and that "Sandra J. Vossler, employee of defendant herein, during the course of her employment, did drive a motor vehicle in a careless and reckless manner * * * causing the motor vehicle she was driving to run into Plaintiff, and injuring Plaintiff." According to memoranda in the record, defendant contended that Wyoming recognized the fellow-servant doctrine in Engen v. Rambler Copper & Platinum Co.,

20 Wyo. 95, 121 P. 867, 873–874, 123 P. 413, saying:

" * * * in the absence of a statute providing otherwise, the master is not liable in an action for damages for an injury occurring to an employé through the negligence of a mere fellow servant * * *."

However, the Engen opinion recognized exceptions to that doctrine.

Although the order of dismissal which followed does not disclose a basis for the holding, we assume the court agreed with defendant's contention that the pleading failed to state a claim on which relief could be granted because it showed on the face that there was no responsibility on the part of defendant. Rule 8(c), W.R.C.P., provides that "injury by fellow servant" is an affirmative defense; and it is generally recognized that a complaint containing a built-in defense is vulnerable to a motion to dismiss. Leggett v. Montgomery Ward & Co., 10 Cir., 178 F.2d 436, 439; 5 Wright and Miller, Federal Practice and Procedure: Civil § 1226, p. 160 (1969). Such a rule seems to be consistent with the specific holdings of earlier cases as regards the fellow-servant doctrine:

" * * * If * * * the plaintiff's allegations show that the injury was caused by the negligence of a fellow employee, it is not sufficient, assuming the existence in the jurisdiction of the fellow servant rule, unless they show further that such fellow employee was the representative of the employer—a vice principal—and not a fellow servant or that the employer failed to exercise care and prudence in the employment of an incompetent fellow servant, or the retention of him in service after the employer knew or should have known of his incompetence." 53 Am.Jur.2d Master and Servant § 366, p. 374.

In any event plaintiff acceded to the dismissal and in an obvious attempt to state criteria which would place the claim within an exception to the fellow-servant rule announced in Engen v. Rambler Copper & Platinum Co., supra, filed an amended complaint asserting essentially as before but with several additional allegations, some using the identical wording of the Engen opinion:

"4. That on the 5th day of May, 1969 the Defendant herein directed the Plaintiff to take said motor vehicle, which would not start, to Tyrrell Chevrolet Company in the City of Cheyenne, Laramie County, Wyoming for repair; that the Defendant at said time knew that said motor vehicle would not start and that the motor kept dying out; that the Plaintiff herein was not employed by the Defendant for the purpose of taking motor vehicles into town for repair nor was Sandra J. Vossler employed for the purpose of taking defective motor vehicles into town for repair.

"5. That the Defendant herein was negligent in failing to furnish to the Plaintiff reasonably safe machinery, appliances, tools and/or other equipment with which to work and failed to keep said machinery in reasonably safe repair.

"6. That the Defendant, on the 5th day of May, 1969, directed the Plaintiff and Sandra J. Vossler to take said motor vehicle into the City of Cheyenne for the necessary repairs, knowing the same to be defective, and that the Defendant knew that Sandra J. Vossler was incompetent and not qualified to cope with the problems which might arise in taking said motor vehicle into town, and Defendant failed to employ competent and sufficient employees with whom Plaintiff David William Vossler, Sr. was to work.

"7. That the Defendant failed to establish and enforce any reasonable rules for the safe conduct and regulation of his business, i. e., such as to take defective motor vehicles into town and to keep the same in reasonably safe repair.

"8. That the Defendant had the duty to furnish the Plaintiff with reasonably safe machinery, appliances, tools and place to work and to keep the same in

reasonably safe repair, to employ competent and sufficient employees with whom to work, to establish and enforce reasonable rules for the safe conduct and regulation of his business, and that for the negligent performance of the above named duties and failure to perform the same the Defendant is liable either alone or concurrently with the negligence of Sandra J. Vossler in performing the duties that should have been performed by the Defendant."

Against this amended complaint defendant argued that on the authority of McKinney v. McKinney, 59 Wyo. 204, 135 P.2d 940, plaintiff was prohibited from bringing an action in tort against his spouse. This contention was misconceived since it was based on defendant's erroneous statement that "the Amended Complaint alleges that Sandra J. Vossler is the wife of the Plaintiff" when no such allegation had been made. Even so, the trial court was entitled to predicate its ruling upon the entire matter before it, including the admissions and statements of counsel.[1] which in this instance disclosed that Sandra J. Vossler was in fact the wife of plaintiff.[2]

Plaintiff attempted to meet defendant's objection last raised by filing a second amended complaint almost identical to the previous one except for the addition of a single paragraph wherein it was stated that defendant had carried insurance, a circumstance which a concurring opinion in the McKinney case, 135 P.2d at 954, had indicated to be a possible factor, dicta with which the members of the present court do not agree.

The burden of defendant's arguments in the trial court as well as the briefs and arguments of both litigants here disclose that in the contest over both the amended and the second amended complaints the only real issue raised was the right of a person to bring an action in tort against the employer for an injury occasioned by his spouse, the parties assuming the propriety of that principle to govern a situation such as the one before us. The question here—the liability of the employer—has not heretofore been raised in this jurisdiction and elsewhere there is not unanimity of opinion although it is stated in Annotation, 1 A.L.R.3d 677, 689:

"In a majority of the cases the courts have held or recognized that an employer is liable to his employee's wife for an injury caused by the negligence of her husband while acting within the scope of his employment, even though the employee is personally immune from suit by his wife."

We think that the answer to a serious question of this nature, one of first impression in this jurisdiction, merited a factual background and a presentation of authorities in depth, both of which were lacking here.

The cause is remanded for further proceedings.

Reversed and remanded.

McEWAN, Justice (concurring).

The statement is made in the majority opinion that the members of the present court do not agree that if the defendant carried insurance it could be a possible factor, as set forth in the concurring opinion in the McKinney case. At this time I do not know if I agree or disagree with the comments in the McKinney concurring opinion and I, therefore, reserve the right

1. Cavanaugh v. McKenzie, D.Nev., 159 F. Supp. 555, 557, affirmed, Cavanaugh v. Long, 9 Cir., 252 F.2d 959; United States Hoffman Machinery Corporation v. Richa, W.D.Mo., 78 F.Supp. 969, 972, appeal dismissed by stipulation, 8 Cir., 174 F.2d 1023; 5 Wright and Miller, Federal Practice and Procedure: Civil, § 1364, pp. 669 and 672.

2. Insofar as the fellow-employee doctrine was concerned, the pleading, judged by the liberal standards applicable in interpretation of rules patterned after those of the federal courts, stated a claim on which relief could be granted.

to independently determine, when the matter is presented, if one spouse may sue another spouse or a parent or child or vice versa, if there is liability insurance or indemnity to protect the party sued.