ANGUS HUNT RANCH, INC., a Domesticated Foreign Corporation, Appellant (Plaintiff below),

v.

Joe BOWEN, Wheatland Farms, Inc., a Wyoming Corporation, John W. Burns, Edna Burns and Stock Growers Bank of Wheatland, Appellees (Defendants below).

No. 4707.

Supreme Court of Wyoming.

Nov. 16, 1977.

Juan L. DeHerrera and Philip P. Whynott of DeHerrera & Whynott, Cheyenne, for appellant.

William R. Jones of Jones, Jones, Vines & Hunkins, Wheatland, for appellees Joe Bowen, Wheatland Farms, Inc., John W. Burns, and Edna Burns.

Donald N. Sherard, Wheatland, for appellee Stock Growers Bank of Wheatland.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

GUTHRIE, Chief Justice.

This is an appeal from the action of the district court in entering a summary judgment in favor of Stock Growers Bank of

Wheatland and sustaining a motion to dismiss in favor of Joe Bowen, Wheatland Farms, Inc., John W. Burns, and Edna Burns. Plaintiff, appellant herein, filed its complaint seeking a declaration that a farm lease agreement containing an option to purchase the lands had been breached; that Wheatland Farms, Inc., and Joe Bowen be required to reconvey to it the property involved; that the deed vesting title in them be cancelled and set aside; that defendants be required to pay the final lease payment of $30,000, or a reasonable rental in that sum; and that appellant recover from the Stock Growers Bank the sum of $100,000 in damages resulting from the breach of a fiduciary duty to appellant. The bank filed a motion to dismiss to which was attached the affidavit of Thomas L. Raines, as vice president.[1] In response thereto Mr. and Mrs. Charles L. Carlson filed identical affidavits.[2] The court, pursuant to Rule 12(c),

W.R.C.P., disposed of the same by summary judgment under Rule 56, W.R.C.P.

The complaint alleged that on or about January 27, 1971, the plaintiff entered into a farm lease agreement with John W. Burns as lessee, and that in consideration for the lease Burns was given an option to purchase the property for $300,000. It further alleged that Burns assigned the lease to Wheatland Farms, Inc., which tore down a house, corrals and trees in violation of the lease; and that the lessee, his assignee, and the parties' escrow agent were notified of the breach and given time to remedy it. Another allegation was that the breach was not corrected, and Wheatland Farms, Inc., and Joe Bowen attempted to exercise the option to purchase, and that the escrow agent, Stock Growers Bank, delivered a deed to Wheatland Farms, Inc., and Joe Bowen in violation of a fiduciary duty.

1. In material part this affidavit stated:
"I, Thomas L. Raines, * * * depose and say as follows:
　　　*　　*　　*　　*　　*　　*
"That on or about the 27th day of January, 1971 the Bank was designated as Escrow Holder by the other parties to this action by the terms of a Farm Lease Agreement which is attached to Plaintiff's Complaint and marked as Exhibit '1';
　　　*　　*　　*　　*　　*　　*
"That the Bank performed its duties in accordance with the terms of said Farm Lease Agreement and there is no claim, in Plaintiff's Complaint, that the Bank did not account properly;
"In paragraph 12 of the Plaintiff's Complaint, the Plaintiff made the following allegation:
'That the Bank, with notice of the breach of lease and in violation of the instruction of the Plaintiff and in violation of its fiduciary duty, did deliver the deed to Defendant, Wheatland Farms, Inc., and Defendant, Joe Bowen'
"That the Plaintiff is apparently relying on an alleged notice contained in a letter written to the Bank by David H. Carmichael, an attorney who was representing the Plaintiff at that time, and which attorney mailed the letter to the following bank at the following address:
　　　'Stock Growers Bank
　　　P. O. Box 928
　　　Cheyenne, Wyoming 82201'
and which letter was subsequently forwarded to the Stock Growers Bank of Wheatland, Wyoming; and that a photocopy of the letter,

the enclosure, and the envelope is attached to this affidavit as a part hereof;
"That this letter and alleged notice was received by the Bank after the escrow had been closed and the documents in question delivered to Wheatland Farms, Inc., and Joe Bowen in accordance with the parties' prior instructions;
"That at the time of the closing of the escrow, the Bank had received no notice from the Plaintiff that the matter should not proceed to closing;"

2. The affidavit of Charles Carlson stated in material parts the following:
"I, Charles L. Carlson, being of lawful age and being duly sworn on oath according to law, depose and say as follows:
"1. That I, Charles L. Carlson, am an officer of the Plaintiff, Angus Hunt Ranch, Inc., and that I have personal knowledge of the matters set forth in this Affidavit.
"2. That the Stock Growers Bank of Wheatland, Wyoming, hereinafter referred to as Defendant Bank, took possession of a farm lease agreement, * * *.
　　　*　　*　　*　　*　　*　　*
"8. That the Bank, with notice of the breach of lease and in violation of the instructions of the plaintiff and in violation of its fiduciary duty, did deliver the deed to Defendant, Wheatland Farms, Inc., and Defendant, Joe Bowen.
"9. That Defendants Burns, as the original lessee, nor anyone else has paid the final lease payment of $30,000. * * *"

In its challenge to the propriety of the entry of summary judgment in favor of the bank, appellant asserts a conflict of material fact in these areas:

That there was a relationship of personal confidence between the original parties which made the lease and option unassignable.

That there were breaches of the condition of the lease of which the bank had notice.

We shall confine our discussion solely to these issues in making our disposal.

In our consideration of the effect of the alleged breaches of this lease or agreement, as pleaded, and the effect thereof on our disposal of the question of the propriety of the grant of summary judgment herein, and further insofar as it is related to the motion to dismiss, it is necessary to consider the following paragraphs in this lease:

"That during the term hereof the Lessee agrees to keep and maintain the buildings and other improvements which are delivered to them in at least as good a state of repair as they are on the date of delivery of possession, reasonable wear and acts of God alone excepted.

\* \* \* \* \* \*

"That in the event the Lessee fails, neglects or refuses to promptly keep and perform any or all of the terms and conditions hereof, then and in such event, the Lessor shall furnish the Lessee with a written notice of his failure to perform, specifying in detail such failure. If the failure of the Lessee is not corrected within thirty (30) days after receipt of said notice by him, then and in such event, the Lessor shall be entitled to immediate possession of said premises and this lease shall automatically terminate and become null and void."

This contract contains no inhibition upon assignment but does include a rather usual phrase recognizing its assignability when it sets out the agreement shall "inure to and be binding upon the \* \* \* assigns of the parties hereto."

In connection with the claim of nonassignability of this contract, appellant does not contend that upon its face the lease and option were not assignable but relies upon an assertion in the pleading that there was "a relationship of personal confidence between plaintiff and the original lessee which would destroy the assignability of the agreement." The record reveals no facts, either pleaded or asserted by way of affidavit, to sustain any such claim, but must rest entirely on the completely conclusory statements in the pleadings and affidavits, which are in no manner supported by any factual statement. The case of Droppleman v. Horsley, 10 Cir., 372 F.2d 249, 251,[3] contains the following statement:

" 'It is the general rule of pleading that where a complaint alleges facts constituting a cause of action and also alleges facts which constitute a valid defense, unless it alleges further facts avoiding such defense, it may be attacked by demurrer or motion to dismiss. [Citations omitted].' Leggett v. Montgomery Ward & Co., 178 F.2d 436, 439, (10 Cir. 1949). \* \* \* "

Clearly such an option as contained in this agreement and all rights thereunder were assignable, Cochran v. Taylor, 273 N.Y. 172, 7 N.E.2d 89; House v. Jackson, 24 Or. 89, 32 P. 1027; 8A Thompson on Real Property, § 4459, pp. 334–335 (1963 Repl.); 3 Williston on Contracts, § 415, pp. 71–72 (3d Ed.). No question is raised, nor is there any denial that the assignee of the agreement and option, Wheatland Farms, Inc., paid to the bank as escrow holder the agreed price of $300,000 and that an accounting was made thereof. Even in cases which involve an assignment of such an agreement in face of a clause forbidding assignment, the purpose of such provision is usually considered to be to insure the performance of the contract; and where there has been performance, as in this case, it is usually considered unenforceable, Riffey v. Schulke, 193 Neb. 317, 227 N.W.2d 4, 6, and cases cited; Gunsch v. Gunsch, N.D., 71 N.W.2d 623, 628. The

---

**3.** The cited case is applicable herein because a copy of the lease agreement was attached to and incorporated by reference in the complaint filed.

force of this rule is demonstrated by the holding that even when there is such an inhibition on assignment, and when it is made in violation thereof, assignee may secure specific performance if the contract is fully performed by him, *Harris v. Clinton,* 142 Conn. 204, 112 A.2d 885, 889. Faced with the fact of the full payment by assignee and its receipt by the appellant, this contract has been performed so that appellant cannot now rely upon this assignment as a breach. Thus, this could not raise a conflict of material fact under the rule in *Johnson v. Soulis,* Wyo., 542 P.2d 867, 871–872.

■ As to breaches of the lease, what we have heretofore said in *Larsen v. Sjogren,* 67 Wyo. 447, 226 P.2d 177, 182, is helpful:

" * * * In any event a breach of covenant or condition in a lease does not ipso facto terminate a lease, but some affirmative step must be taken—e. g., re-entry—in order to enforce the forfeiture. * * * "

In the absence of pleading such forfeiture and the taking of affirmative steps, the complaint reveals that the lease was in effect.

These parties have themselves set out the proper method of terminating this lease and are bound thereby; and we find nowhere in this complaint or in the record any claim that this lease agreement had been terminated with such affirmative action as mentioned before. Thus, so far at least as the defendant bank is concerned, the court in its determination of the propriety of the summary judgment was faced only with a valid and subsisting lease agreement and option, and when the bank was tendered and received the full purchase price of $300,000 in satisfaction of the conditions of the escrow, it then had a duty to deliver the deed and accompanying instruments, *Pike v. Triska,* 165 Neb. 104, 84 N.W.2d 311, 321; *Angle v. Bass,* 169 Okl. 120, 36 P.2d 483, 95 A.L.R. 288; *Moore v. Trott,* 156 Cal. 353, 104 P. 578, 580; 30A C.J.S. Escrows § 10, p. 998.

■ The claimed breach, by way of nonpayment of the rental claimed, which was payable on February 1, 1975, could not have been, by the terms and conditions of the lease, a basis for a forfeiture because, had notice of the default therein been made upon that date, the lessee or his assignee would have had 30 days in which to correct said breach. In connection with this, we might observe that appellant makes no argument, nor cites authority in its brief, that this is a breach under the contract; and we need not consider this as a basis for a breach, *Salmeri v. Salmeri,* Wyo., 554 P.2d 1244, 1252. Appellant contents itself solely with this statement contained in the brief:

" * * * Furthermore the Bank with knowledge that the final lease payment had not been paid still delivered the deeds to the sublessee in violation of its duty to properly account, * * *."

## MOTION TO DISMISS

■ In connection with the propriety of sustaining the motion to dismiss, the lower court could properly consider everything it had before it in this file, *Vossler v. Peterson,* Wyo., 480 P.2d 393, 395; 5 Wright and Miller, Federal Practice and Procedure; Civil § 1364 (1969); and was not necessarily confined to the bare complaint, which is summarily set out insofar as the material portions therein are concerned:

1. The execution of the agreement and the designation of the bank as escrow agent.

2. That the lease involved a relationship of personal confidence and was not a mere matter of paying money and taking a title.

3. That the lease was assigned without the knowledge or consent of the plaintiff.

4. That Wheatland Farms, Inc. (assignee of the lease), had destroyed a small house, corrals, and the trees surrounding the house in violation of the lease.

5. That lessee and assignee have been notified of the breach and given the required time to remedy it.

6. That a final lease payment of $30,000 had not been paid.

7. That the lease had been breached by the destruction of the house and the nonpayment of the $30,000 rental, the lease being considered for the option to purchase.

8. That there had been a failure of consideration for the option.

Insofar as there is any claimed breach resultant from the assignment of said lease, this matter has been fully covered before and cannot be the basis of any claim on behalf of the appellant.

The agreement before the court contained an option to purchase these lands in the sum of $300,000, which might have been exercised by the lessee at any time from the date of execution up to November 1, 1975, and was conditioned only that lessor receive this sum in full on that date. The record shows with reference to other matters properly considered, *Vossler v. Peterson,* supra; 5 Wright and Miller, Federal Practice and Procedure, supra, that these payments were made, that the title instruments were delivered, and that an accounting was made to appellant, which is not denied.

 A complete disposition of appellant's contentions can be made in reliance upon *Larsen v. Sjogren,* supra, 226 P.2d at 183, which sets out the rule which we apply hereto:

"* * * No forfeiture was declared during the term of the instant lease, for that term had ended when the plaintiff exercised its option to purchase. Thus it is said in 32 Am.Juris. 280: 'It is the exercise of the option during the term of the lease which extinguishes the lease and terminates the relation of landlord and tenant. When the option is exercised, the lease and all its incidents, express or implied, are blotted out of existence, and the relation of vendor and vendee created.' * * * "

A clause such as the one appearing in this lease agreement regarding breaches does not provide for an ipso facto termination of the lease, but merely gives the lessor an option or right to terminate the lease. See *Susumu Igauye v. Howard,* 114 Cal.App.2d 122, 249 P.2d 558.

 There is nothing contained in this lease agreement which sets out that a total sum of $150,000 is to be paid as rental; the lease does provide for five annual payments beginning on February 1, 1971, but by virtue of exercise of this option the title vested in Wheatland Farms, Inc., which would certainly owe no rental on lands to which it had title. It is our view that further discussion on this aspect would not serve any purpose because we view *Larsen v. Sjogren,* supra, as controlling.

 Appellant further claims error because the trial judge did not, in his order, assign the reason or basis for his dismissal in reliance upon *State Highway Commission v. Bourne,* Wyo., 425 P.2d 59, so it might amend its complaint. We agree that the trial judge should have done this; however, no prejudice is demonstrated, *Waters v. Trenckmann,* Wyo., 503 P.2d 1187, 1192. From our view of the applicable law it appears most remote that any proper claim could be pleaded. Appellant's counsel, who approved the order as to form, does not contend he asked for such finding; nor did he offer any amended complaint or seek leave of the court to amend. Because of the lack of demonstrated prejudice, and the fact that this does not appear to have been called to the attention of the trial judge so he might have corrected the same, we will not consider it, *Knudson v. Hilzer,* Wyo., 551 P.2d 680, 686; *Mader v. James,* Wyo., 546 P.2d 190, 195; *Gary v. Foster Lumber Co., Inc.,* Wyo., 531 P.2d 497, 498.

Neither the dismissal nor the summary judgment was error.

Affirmed.